ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

FILED
SEP 26 2007
U.S. COURT OF FEDERAL CLAIMS

INFRASTRUCTURE DEFENSE TECHNOLOGIES, LLC

Plaintiff,

v.

THE UNITED STATES OF AMERICA, DEFENSE LOGISTICS AGENCY.

Defendant.

No: 07-695 C

Judge: ________________

**NOTICE OF DIRECTLY RELATED CASE AND MOTION FOR CONSOLIDATION**

Plaintiff Infrastructure Defense Technologies, LLC ("Infrastructure Defense"), by and through its undersigned counsel, and pursuant to Court of Federal Claims Rule 40.2, hereby submits this Notice of Directly Related Case and Motion for Consolidation. This matter is directly related to Infrastructure Defense Technologies, LLC v. United States of America, Defense Logistics Agency, Court No. 07-582 C, filed August 1, 2007 (Merow, J.) ("First IDT Protest"). These two matters "involve the same parties and are based on . . . similar claims" under Rule 40.2(a)(1)(A). Because of these similarities, assignment to a single judge and consolidation are appropriate. Infrastructure Defense respectfully requests consolidation of these cases pursuant to Rule 42. As more fully discussed herein, these matters involve identical questions of law and fact, and consolidation will advance judicial economy so as to outweigh any potential for delay, confusion or prejudice.

**Legal Standard**

Consolidation of separate cases is appropriate "[w]hen actions involving a common question of law or fact are pending before the court." R. Ct. Fed. Cl. 42(a). In determining whether consolidation is appropriate, "the court must weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation." *Cienega Garens v. U.S.*, 62 Fed. Cl. 28, 31 (2004). Identical claims are not required for consolidation. *See Wolfchild v. U.S.*, 72 Fed. Cl. 511, 527 (2006). Rather, a court must consider:

> whether specific risks of prejudice and possible confusion are "overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Cienega Gardens*, 62 Fed. Cl. at 31.

Infrastructure Defense's present and prior bid protests should be consolidated because they concern identical factual and legal questions. Both protests involve the Defense Logistics Agency's ("DLA") efforts to procure force protection products sole source from Hesco Bastion, Ltd. ("Hesco"), despite Infrastructure Defense's capability and intent to compete for the procurement. All parties are the same in both protests.

**The First Protest**

On April 3, 2007, DLA issued a CBD notice of sole-source procurement for Concertainer security barrier products for five (5) years with an estimated value of $250,000,000 ("April 2007 Sole Source Notice"). On August 1, Infrastructure Defense filed its August 2007 Protest in the Court of Federal Claims, seeking an injunction of the sole source award. Infrastructure Defense argued that DLA's proposed sole source procurement violated the Competition in Contracting

Act of 1984 ("CICA") and its implementing regulations by, among other actions: (a) engaging in sole source procurement without legal justification under CICA; (b) failing to solicit Infrastructure Defense, a known competitor with a demonstrated intent to compete for force protection materials contracts; (c) failing to identify salient physical and functional characteristics of the Hesco products, limiting potential competition; (d) failing to engage in statutorily mandated advanced planning; and (e) engaging in restrictive procurement in excess of the agency's minimum needs.

In the initial stage of the First Protest, DLA asked if Infrastructure Defense would agree to allow DLA to enter into a three month bridge contract to continue to support the agency's minimum needs, if any existed, during the pendency of the protest. Infrastructure Defense agreed, based upon DLA's representation that any bridge contract would be aimed solely at meeting the Government's bona fide interim needs in support of warfighting efforts, and would otherwise maintain the status quo during the pendency of the First Protest. In reliance on DLA's representation, Infrastructure Defense did not pursue its motion for preliminary injunction in the First Protest.

**The Second Protest**

On September 17, 2007, DLA issued a purported "bridge contract" in the form of a modification of a pre-existing sole source contract with Hesco, with an estimated value of $327,000,000. The is modification is not a "bridge contract" designed to meet the agency's minimum needs. Through the purported "bridge contract", DLA will procure exactly the same force protection products from Hesco that it sought under the five-year sole source contract that is the subject of the First Protest. The purported "bridge contract" exceeds the requirements of the contract that is the subject of the First Protest, eliminating any need for the five year

procurement and rendering Infrastructure Defense's pending First Protest moot. The purported "bridge contract" therefore constitutes a new, unjustified sole source procurement.

Infrastructure Defense now protests DLA's second attempt to award a sole source contract to Hesco for substantially the same reasons argued in its First Protest, that the Government has: (a) engaged in unjustified sole source procurement; (b) failed to solicit Infrastructure Defense; (c) failed to identify salient physical and functional characteristics of the Hesco products; (d) failed to engage in statutorily mandated advanced planning; and (e) engaged in restrictive procurement in excess of minimum needs. Thus, determination of both cases ultimately rests on the legal and factual questions presented in Infrastructure Defense's First Protest.

**Judicial Economy**

Judicial economy outweighs any potential for confusion, delay, or prejudice. Given the commonality of parties and issues, consolidation allows unified adjudication and ensures singular, consistent resolution. In light of these commonalities, Infrastructure Defense and DLA will suffer no confusion as a result of consolidation. Additionally, there would be no delay; Infrastructure Defense has filed these two protests less than eight weeks apart and any additional time required to consolidate and resolve theses matters together would be negligible. Discovery in the two protests would be coextensive. Finally, the risk of prejudice to the parties is minimal. In particular, the government would not be prejudiced by the delay of a procurement award or of modification to Hesco's present contract, as the DLA has previously represented that there is no present agency need for force protection materials.

For the foregoing reasons, Infrastructure Defense respectfully requests that the Court consolidate these matters.

Date: Sept 26, 2007

C. Joél Van Over
Randall M. Levine
David J. Prieto
BINGHAM MCCUTCHEN LLP
2020 K. Street NW
Washington, DC 20006
(202) 373-6000 telephone
(202) 373-6001 facsimile
Attorneys for Plaintiff Infrastructure Defense Technologies

**CERTIFICATE OF SERVICE**

I hereby certify that on this day of September 26, 2007 a true and correct copy of the foregoing Notice of Directly Related Case and Motion for Consolidation was served by hand delivery upon:

Eley Bondurant
Trial Attorney
United States Department of Justice
Commercial Litigation Branch
8th Floor, 1100 L St. NW
Washington, DC 20530

David J. Harrington
Trial Attorney
United States Department of Justice
Commercial Litigation Branch
8th Floor, 1100 L St. NW
Washington, DC 20530

Douglas C. Proxmire
Counsel for Awardee, Hesco Bastion Ltd.
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037

September 26, 2007

Randall Mark Levine